United States Courts
Southern District of Texas
FILED

UNITED STATES DISTRICT COURT

MAR 24 2017

SOUTHERN DISTRICT OF TEXAS

David J. Bradley, Clerk of Court

HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | §<br>§ | |
| v. | §<br>§ | CRIMINAL NO. 16-186 |
| ANTONIO RASHEED BENJAMIN,<br>a/k/a "Papi P"<br>Defendant. | §<br>§<br>§<br>§ | |

## PLEA AGREEMENT

The United States of America, by and through Abe Martinez, Acting United States Attorney for the Southern District of Texas, Sherri L. Zack, Assistant United States Attorney, and the defendant, Antonio Rasheed Benjamin ("Defendant"), and Defendant's counsel, pursuant to Rule **11(c)(1)(A)** of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to Counts 1 and 2 of the Superseding Indictment. Counts 1 and 2 charge Defendant with **Sex Trafficking**, in violation of Title 18, United Sates Code, Sections 1591(a) and (b)(2). Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury, proven beyond a reasonable doubt.

### Punishment Range

2. The **statutory** maximum penalty for a violation of Title 18, United States Code, Section 1591(a) and (b)(2), is imprisonment for no less than 10 years and up to life and a fine of

not more than $250,000. Additionally, Defendant will receive a term of supervised release after imprisonment of at least 5 years to life. *See* Title 18, United States Code, Section 3583(k). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, Sections 3559(a)(1) and 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, Section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00). The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

4. Pursuant to Title 18, United States Code, Section 3014(a)(3), if the court determines that the Defendant is a non-indigent person, the Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of five thousand dollars ($5000.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District clerk's Office, P.O. Box 61010, Houston, TX 77208, Attention: Finance.

## Immigration Consequences

5.  Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States.   Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future.   Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

## Waiver of Appeal and Collateral Review

6.  Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal the conviction and sentence imposed.   Defendant is also aware that Title 28, United States Code, Section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final.   Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, Section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

7.  In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court.   Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States, or the Probation Office, is a prediction and not a promise, did not induce his guilty plea,

3

and is not binding on the United States, the Probation Office, or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

8. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

### The United States' Agreements

9. The United States agrees to each of the following:

(a)     If Defendant pleads guilty to Counts 1 and 2 of the Superseding Indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss the Count 3 at the time of sentencing;

(b)     If the Court determines that Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States will move under section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

### Agreement Binding

10. The United States Attorney's Office for the Southern District of Texas and the United States Department of Justice, Criminal Division agree that neither will further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the Indictment. This plea agreement binds only the United States Attorney's Office for the Southern

District of Texas, the Child Exploitation and Obscenity Section of the United States Department of Justice's Criminal Division, and Defendant.   It does not bind any other United States Attorney's Office.   The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

## United States' Non-Waiver of Appeal

11.   The United States reserves the right to carry out its responsibilities under guidelines sentencing.   Specifically, the United States reserves the right:

(a)      to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)      to set forth or dispute sentencing factors or facts material to sentencing;

(c)      to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d)      to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

(e)      to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

12. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553(a).   Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted

the applicable Sentencing Guidelines.   Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge.   If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

### Rights at Trial

13.   Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement.   Defendant understands that the rights of a defendant include the following:

(a)      If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel.   The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b)      At a trial, the United States would be required to present witnesses and other evidence against Defendant.   Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them.   In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf.   If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

(c)      At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify.   However, if Defendant desired to do so, he could testify on his own behalf.

### Factual Basis for Guilty Plea

14.   Defendant is pleading guilty because he is in fact guilty of the charge contained in Counts 1 and 2 of the Superseding Indictment.   If this case were to proceed to trial, the United

States could prove each element of the offense beyond a reasonable doubt.   The following facts, among others would be offered to establish Defendant's guilt:

Between March 1, and March 31, 2016, Defendant, Antonio Benjamin, in and affecting interstate commerce, knowingly recruited, enticed, harbored, transported, provided, obtained, and maintained or attempted to recruit, entice, harbor, transport, provide, obtain or maintain Minor Victims 1 and 2, who had both attained the age of 14, but were under 18, and benefitted financially knowing and in reckless disregard of the fact that they were under 18 and would be caused to engage in commercial sex.

In March of 2016, an adult female, C.T., was with BENJAMIN and Minor Victim 1.   C.T. and BENJAMIN got into a fight and C.T. and Minor Victim 1 (DOB 9/1/98) left his presence. They went to a Motel 6 near South Main in Houston.   The next morning, BENJAMIN, who had tracked them there with an application on Minor Victim1's phone, showed up to take Minor Victim 1 to high school.

Federal Bureau of Investigation Special Agent (SA) Theo Williams interviewed Minor Victim 1.   Minor Victim 1 reported that she felt as if she were obligated to live with BENJAMIN and C.T.   Minor Victim 1 was kicked out of her mother's house.   Minor Victim 1 indicated she was forced to prostitute for BENJAMIN. Minor Victim 1 averaged two prostitution dates a night. BENJAMIN promised her a lavish lifestyle filled with cars and riches.   Minor Victim 1 was with BENJAMIN for one month, March of 2016.   During that time, Minor Victim 1 gave all the money earned from commercial sex to BENJAMIN.

Minor Victim 1 says she heard C.T. hit "licks" for BENJAMIN.   C.T. taught Minor Victim 1 how to communicate with customers and instructed her not to be nervous.   C.T.

instructed her to act older than she was.   Minor Victim 1 knew that C.T. told BENJAMIN not to mess with young girls and that C.T. and Benjamin argued about Minor Victim 1.

During the time she was with the Defendant, BENJAMIN would sit next to Minor Victim 1 and instruct her on what to say to customers on the phone.   BENJAMIN instructed her to get the money first and make sure the customers used condoms.   If the customer became hostile, she was to call BENJAMIN.   When the customer ejaculated, she was to call BENJAMIN.   Minor Victim 1 did not know how BENJAMIN got the customers.   She indicated that during the month she was with BENJAMIN she worked every day and averaged two or more customers per night. BENJAMIN instructed her to charge $200 for an hour and $120 for a half hour.

BENJAMIN instructed Minor Victim 1 to send photos of herself to him.   Those photos matched ads posted on backpage.com. Minor Victim 1 was told she had to "try out" for BENJAMIN, which in the underworld of sex trafficking means she had to have sex with the pimp.   Minor Victim 1 had vaginal sex with BENJAMIN without protection on multiple occasions.   Minor Victim 1 provided two cell numbers as her own, 832-898-8404 and 281-673-7872.   BENJAMIN contacted her on both numbers.

On more than one occasion, BENJAMIN left Minor Victim 1 stranded in unknown locations.   Minor Victim 1 reminded BENJAMIN that she was 17 years old and asked him not to leave her stranded.

Hotel records confirm that BENJAMIN rented a room from March 6 to March 7, 2016 at the Motel 6 at 3223 South Loop West.   There are also receipts from the Sterling Inn and Suites in BENJAMIN'S name from February 2016.

BENAMIN'S phone was seized when he was arrested on the criminal complaint.   This

8

phone was searched pursuant to a federal search warrant.   Prior to the phone being searched SA Williams had obtained from BENJAMIN'S Instagram and Twitter accounts images of BENJAMIN with guns, drugs and money.   Additionally, there are images of BENJAMIN with C.T.

When BENJAMIN was arrested on the criminal complaint he was advised of his Miranda warnings and after acknowledging that he understood his rights and agreed to speak to SA Williams.   On March 29, 2016, BENJAMIN advised that he believed he was being arrested for an incident with C.T.   BENJAMIN said he rented hotel rooms for C.T. including the Motel 6 mentioned above.   BENJAMIN admits to spending time with KK (name he gave to Minor Victim 1) smoking marijuana and claims he heard she "hit licks" (prostituted).   He stated she attended high school, acknowledging that she is a minor.

BENJAMIN claimed C.T. is his girlfriend.   He said she is a stripper and she prostitutes. BENJAMIN claims C.T. met tricks on a website called seekingarrangements.com.   He stated she earned $100 to $200 per trick.

BENJAMIN claimed he and C.T. would transport women to and from strip clubs for money.   He stated some of the girls worked as strippers and prostitutes for him.

Backpage ads with the images of Minor Victim 1 were posted during the time she indicated she was with BENJAMIN.   The phone number in the ad is not her number but that of the phone seized from BENJAMIN when he was arrested.

BENJAMIN'S phone was analyzed and it contained numerous incriminating texts about prostitution.

Minor Victim 2 (DOB 12/31/98) when interviewed by SA Williams corroborated a lot of

9

the information given by C.T. and Minor Victim 1.   Minor Victim 2 told SA Williams that when she met BENJAMIN she told him she was 17 years old.   She stated BENJAMIN did not care about her age.

Minor Victim 2 stated that she and several other females stripped in clubs for BENJAMIN.   She stated that if they did not make $100 a night there were consequences. Minor Victim 2 recounted an incident for SA Williams where she described how BENJAMIN punched her in the chest and it hurt for days.

Minor Victim 2 was being groomed for commercial sex by BENJAMIN and admitted to stripping and giving her money to BENJAMIN.   Minor Victim 2 was solicited by BENJAMIN to engage in commercial sex but she refused.

BENJAMIN told her that he wanted her to be his "bottom bitch."   Minor Victim 2 explained that this meant she would have to have sex with BENJAMIN daily, control the activity of the girls working for him and only communicate with him.   She indicated BENJAMIN claims he is a rapper.

There is no evidence BENJAMIN has ever earned income from the production or sale of his "music."   There is plenty of Instagram and Twitter posts where BENJAMIN raps about being a "pimp."

The posting of ads on Backpage.com for Minor Victim 1 creates a nexus to interstate commerce, as the internet is a means and facility of interstate commerce.   Communication with Minor Victim 1 and 2 via cell phone also creates a nexus to interstate commerce.   The motels used by BENJAMIN to harbor both the Victims and use for commercial sex are a means or facility of interstate commerce.

Based on the statements of Minor Victim 1 and 2, it is clear that BENJAMIN knew they were under 18 or had a reasonable opportunity to observe that they were under 18 during the month of March 2016.

## Breach of Plea Agreement

15. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against Defendant in any prosecution.

## Restitution, Forfeiture, and Fines – Generally

16. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

17. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by

11

the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information.   Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

18.   Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer.   Defendant also agrees to direct any banks which have custody of his assets to deliver all funds and records of such assets to the United States.

19.   Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

**Restitution**

20.   Defendant agrees to pay full restitution to Minor Victim 1 and Minor Victim 2. Defendant stipulates and agrees that as a result of his criminal conduct, the victims incurred a monetary loss in an amount to be determined either before sentencing or within 90 days of the sentencing hearing.   Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victims.   Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment.   Subject to the provisions of paragraph 6 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

## Forfeiture

21.   Defendant stipulates and agrees that the property used or intended to be used, to commit or to facilitate the commission of the charge to which he is pleading guilty to, is subject to forfeiture, and Defendant agrees to the forfeiture of that property, specifically the iPhone listed in the Superseding Indictment .

22.   Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

23.   Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

24.   Subject to the provisions of paragraph 6 above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

## Fines

25.   Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any.   Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment.   Subject to the provisions of paragraph 6 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

## Notification of the Sex Offender Registration and Notification Act

26.    Defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions:   where he resides; where he is an employee; and where he is a student.   Defendant understands that the requirements for registration include providing his name, his residence address and the names and addresses of any places where he is or will be an employee or a student, among other information.   Defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three (3) business days after any change of residence, employment, or student status.   Defendant has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. Section 2250, which is punishable by a fine or imprisonment, or both.

**Complete Agreement**

27.   This written plea agreement, consisting of 17 pages, including the attached addendum

of Defendant and his attorney, constitutes the complete plea agreement between the United States,

Defendant, and Defendant's counsel.   No promises or representations have been made by the

United States except as set forth in writing in this plea agreement.   Defendant acknowledges that

no threats have been made against him and that he is pleading guilty freely and voluntarily because

he is guilty.

28.   Any modification of this plea agreement must be in writing and signed by all

parties.

Filed at _____Houston_____, Texas, on ___march 24, 2017_____, 20__.

_____
Defendant

Subscribed and sworn to before me on ___March 24, 2017_____, 20__.
                                    DAVID J. BRADLEY, Clerk
                                    UNITED STATES DISTRICT CLERK


                        By: _____
                            Deputy United States District Clerk

APPROVED:
Abe Martinez
Acting United States Attorney

By: _____          _____
    Sherri L. Zack                            Ralph Martinez
    Assistant United States Attorney          Attorney for Defendant
    Southern District of Texas

15

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF TEXAS

## HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | **CRIMINAL NO. 16-186** |
| | § | |
| **ANTONIO RASHEED BENJAMIN,** | § | |
| **a/k/a "Papi P"** | § | |
| **Defendant.** | § | |

## PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his rights with respect to the pending Superseding Information. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____    _____
Attorney for Defendant                                              Date

I have consulted with my attorney and fully understand all my rights with respect to the Superseding Information pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____  
Defendant

_____  
Date

17

INSTRUCTIONS

You are instructed to report immediately with this form to the United States Probation Department, Room 2301, 2nd Floor, 515 Rusk Avenue, Houston, Texas, for further instructions by a United States Probation Officer.

Should you receive this form after 5:00 p.m., you are instructed to report to the Probation Department no later than 10:00 a.m., the following workday.  If for any reason you are unable to keep this appointment, you are directed to contact the Probation Department by phone (713-250-5266) to make other arrangements.

If you are currently in custody, a U. S. Probation Officer will contact you.  Should you be released prior to receiving contact from the probation officer, you are to contact the Probation Department no later than the end of the next working day following your release.

Failure to follow these instructions will result in the Court being notified for appropriate action.

Additional Instructions:_____
_____
_____.


**************************************************************************

TO BE COMPLETED BY PROBATION STAFF,


Defendants' Address and telephone number:


_____

_____

_____

_____